UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCAZAR CAPITAL PARTNERS COMPANY,<br><br>    Plaintiff,<br><br> v.<br><br>KURDISTAN REGIONAL GOVERNMENT OF IRAQ,<br><br>    Defendant. | Civil Action No. 1:23-cv-00186-AS<br><br>The Honorable Judge Arun Subramanian |

**NOTICE OF MOTION TO STAY
OF DEFENDANT KURDISTAN REGIONAL GOVERNMENT OF IRAQ**

PLEASE TAKE NOTICE that Defendant Kurdistan Regional Government of Iraq will move this Court at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to stay the above-referenced action pending the Kuwaiti courts' resolution of the Kurdistan Regional Government of Iraq's request for reconsideration of the judgment of the Kuwait Court of Appeals for which Plaintiff Alcazar Capital Partners Company seeks recognition in this Court. The grounds for this motion are fully set forth in the Kurdistan Regional Government of Iraq's accompanying memorandum of law and the declaration of Sally Pei in support thereof with accompanying exhibit.

Dated: March 20, 2024

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

/s/ *John B. Bellinger, III*
John B. Bellinger, III, *pro hac vice*
Sally Pei, *pro hac vice*
Sean A. Mirski, *pro hac vice*
Aaron X. Sobel, *pro hac vice*
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
John.Bellinger@arnoldporter.com
Sally.Pei@arnoldporter.com
Sean.Mirski@arnoldporter.com
Aaron.Sobel@arnoldporter.com

James D. Herschlein
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
James.Herschlein@arnoldporter.com

R. Reeves Anderson, *pro hac vice*
Adrienne Boyd, *pro hac vice*
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2848
(303) 863-1000
Reeves.Anderson@arnoldporter.com
Adrienne.Boyd@arnoldporter.com

---

The motion to stay this case is GRANTED. The Court finds that the relevant factors favor a stay, as the Kuwaiti proceeding concerns the validity of the judgment that Plaintiff is trying to enforce here. *See Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 433 (S.D.N.Y. 2013). A stay promotes efficiency because the Kuwaiti court could vacate the judgment, meaning this case would likely be dismissed and any resources poured into it would be all for naught. A stay also avoids potentially inconsistent results. Plus, both parties seem to agree that the Kuwaiti court is likely to decide the pending motion by the end of June, meaning that this stay is unlikely to prolong litigation much. And Plaintiff is to be compensated for the delay, as the judgment includes post-judgment interest. Finally, the underlying payment default occurred more than 13 years before Plaintiff took action to collect on the guarantee. This Court does not find that there would be prejudice from a short, additional stay.

Because of the stay, the motion to dismiss is denied without prejudice; the KRG can refile this motion once the stay is lifted. In addition, the motion to seal is granted. The documents may remain under seal for now, but once the stay is lifted, the motion should be refiled if the documents are refiled under seal, at which time the Court will consider the motion on its merits. The parties should provide a joint update to the Court on the Kuwaiti proceedings every 30 days.

The Clerk of Court is directed to terminate the motions at Dkts. 55, 56, and 60 and to stay this case.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 23, 2024

2

## CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2024, a copy of the foregoing was filed with the Clerk of Court through the CM/ECF system, which sent notice of the filing to all appearing parties of record.

Dated: March 20, 2024                                            */s/ John B. Bellinger, III*
                                                                                              John B. Bellinger, III