UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCAZAR CAPITAL PARTNERS COMPANY, <br><br> Plaintiff, <br><br> -against- <br><br> KURDISTAN REGIONAL GOVERNMENT OF IRAQ, <br><br> Defendant. | 23-CV-186 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

After considering the parties' motions, and hearing oral argument, the Court is exercising its discretion to stay this case pending final resolution of the ICSID proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The ICSID case is front-and-center here. It figures heavily in the KRG's arguments both on jurisdiction and the merits. And there's no question that Alcazar only commenced the Kuwaiti case—which resulted in the judgment under review—after it (through its corporate parent Agility) lost in the ICSID case. But things all changed on February 8, 2024, when Alcazar won an annulment of key portions of the adverse ICSID ruling. Dkts. 82-12, 82-13. Now a new tribunal is being convened and a hearing will take place in due course. When that proceeding is final, Alcazar may end up winning, which would likely moot this case. If Alcazar loses, then it can continue with this case, but the Court will be able to evaluate an ICSID award that is final in all respects, as opposed to having to parse through paragraphs of an award and annulment decision to figure out what parts may be revisited in the future.

There's no point in now adjudicating the myriad objections that the KRG has raised to recognition of the Kuwaiti judgment, many of which would involve transnational discovery to get to the bottom of what happened in Kuwait, whether the KRG was aware of the Kuwaiti case, and so on, when whatever the Court does may be upended in the future depending on what happens in the pending ICSID case. And there's no prejudice—other than the inevitable delay caused by a stay—to either side. As the Court noted at the hearing, there's no strict "last-in-time" rule for recognition of foreign judgments. *See Byblos Bank Europe, S.A. v. Sekerebank Turk Anonym Syrketi*, 885 N.E.2d 191, 194 (N.Y. 2008); Restatement (Fourth) of Foreign Rels. L. § 484 reporter's note 5 (Am. L. Inst. 2018).

Finally, there's a more basic reason to stay this case. ICSID appears to be the only forum where Alcazar and the KRG—through their related entities Agility and the Republic of Iraq—have both voluntarily participated, and where there is no finger-pointing from one side or the other about sharp litigation tactics, an unfair forum, fraud, etc. It's where Alcazar wanted to have these issues

adjudicated in the first instance, and now it's been given another chance. It makes eminent sense to see what happens there before moving forward here.

For these reasons, this case will be stayed pending further order of the Court. The parties are ordered to update the Court on the status of the ICSID proceeding every 120 days, or if there are material developments that arise. The pending motion to dismiss and motion for summary judgment are denied without prejudice. If the case is unstayed and the parties wish to renew these motions, they need not rebrief them. Just put in a letter, and the Court will afford each side the opportunity to tell the Court what's changed from their perspective.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 80, 97, and 113.

SO ORDERED.

Dated: December 5, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge