

December 24, 2024

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *Alcazar Capital Partners Company v. Kurdistan Regional Government of Iraq*,
               No.: 23-cv-00186-AS (S.D.N.Y.) – Letter Motion to File Under Seal

Dear Judge Subramanian:

      We represent third party Korek Telecom Company LLC ("Korek"). Pursuant to Rule 11(C)(ii)-(iii) of Your Honor's Individual Practices in Civil Cases, Petitioner respectfully submits this letter motion requesting to file under seal a letter (the "Korek-KRG Letter") from representatives of Korek to the Kurdistan Regional Government (the "KRG"), dated January 11, 2023, produced by Korek in an arbitral proceeding against Alcazar Capital Partners Co. ("Alcazar"), administered by the International Chamber of Commerce, ICC Case No. 27625/ELU (the "ICC Arbitration") and seated in the Dubai International Financial Center ("DIFC"). On October 24, 2024, plaintiff Alcazar filed the Korek-KRG Letter (ECF No. 151-2) under seal as Exhibit B to the Declaration of Dennis H. Hranitzky in Support of Plaintiff's Motion for Reconsideration of this Court's December 5, 2024 Order (ECF No. 149). The Korek-KRG Letter is evidence produced by Korek in the ICC Arbitration, which is a confidential, private arbitration. The Korek-KRG Letter was obtained by Alcazar in connection with its participation in the ICC Arbitration. Korek conferred with counsel for Alcazar, who opposes this request. (*See* ECF No. 152, at 2).

      The same authority that warrants the sealing of a prior exhibit cited by Alcazar in this litigation (*see* ECF No. 138) warrants the sealing of the Korek-KRG Letter as well. Article 14 of the DIFC Law No. 1 of 2008 (the "DIFC Arbitration Law") provides that "[u]nless otherwise agreed by the parties, all information relating to the arbitral proceedings shall be kept confidential, except where disclosure is required by an order of the DIFC Court."[1] Korek has not agreed to waive confidentiality with respect to the KRG-Korek Letter. Furthermore, the parties to the ICC Arbitration also agreed to a Terms of Reference, which contains a further confidentiality provision, to be read in conjunction with the general confidentiality provision in Article 14. (*See* ECF No. 138, at 1-2). Considered together, the DIFC Arbitration Law and the Terms of Reference both justify sealing the KRG-Korek Letter. Alcazar's conclusory argument that "the relevant arbitration rules do not impose general confidentiality restrictions" (ECF No. 152, at 1) does not rebut the plain language of both the DIFC Arbitration or the Terms of Reference.

---

[1] *See* DIFC Arbitration Law 2008 ¶ 14 (Confidentiality) (ECF No. 138-1).



Korek seeks to file redacted and under seal the Korek-KRG Letter, which contains information that has been designated as confidential in the ICC Arbitration, to comply with the DIFC Arbitration Law and the Terms of Reference.

Respectfully,

/s/ John T. Zach
John T. Zach
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
20th Floor
New York, NY 10001
Tel: +1 212 303 3648
jzach@bsfllp.com

CC:    All Counsel of Record (via ECF)

The motions to seal at Dkts. 152 and 156 are DENIED. Korek has not addressed in any of its filings Alcazar's point that the Terms of Reference permit disclosure "for the purpose of enforcing a judgment." Nor has it addressed the extensive case law in this circuit holding that "the interest in arbitral confidentiality has never been understood to alone be sufficient to overcome the public's right to access judicial documents when otherwise confidential arbitral documents are submitted to a federal court in connection with a request for the Court to enter judgment or issue a dispositive order." *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *13 (S.D.N.Y. Jan. 4, 2022) (collecting cases). Absent any explanation from Korek on these points, the Court finds that Korek has not carried its burden of proving that its privacy interests warrant sealing the letter. Accordingly, the Clerk of Court is respectfully directed to unseal Dkt. 153 and terminate the motions at Dkts. 152 and 156.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 27, 2024